UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DELBERT JAMES GUNNETT,

       Petitioner,

v.                                Case No. 2:08-cv-14
                                  HON. ROBERT HOLMES BELL

JEFF WOOD,

       Respondent.

_____/

## REPORT AND RECOMMENDATION

       Petitioner Delbert James Gunnett filed this petition for writ of habeas corpus challenging the validity of his state court conviction pursuant to 28 U.S.C. § 2241. Petitioner pleaded guilty to first degree criminal sexual conduct on April 30, 1979, and was sentenced to parolable life. Petitioner filed an appeal and on January 9, 1981, the Michigan Court of Appeals affirmed Petitioner's conviction. On July 28, 1981, the Michigan Supreme Court denied Petitioner's request for leave to appeal. Petitioner did not petition the United States Supreme Court for a writ of certiorari.

       Petitioner filed a motion to vacate sentence in the Kalamazoo County Circuit Court on March 10, 1987, which was denied on December 1, 1987. On September 22, 1989, Petitioner filed a motion for a new trial and/or resentencing in the Kalamazoo County Circuit Court. An evidentiary hearing was held on March 20 and 23, 1980. This motion was denied on September 5, 1990. Petitioner filed a motion for rehearing, which was denied on March 11, 1991. Petitioner filed an appeal, which was denied by the Michigan Court of Appeals on July 1, 1991. The Michigan

Supreme Court subsequently denied leave to appeal on January 31, 1992. Petitioner did not petition the United States Supreme Court for a writ of certiorari.

Petitioner filed a petition for habeas corpus relief in the United States District Court on May 27, 1992. On October 27, 1993, the court granted the writ in part, finding that Petitioner had been denied the effective assistance of appellate counsel and ordering the State to provide Petitioner with the opportunity to perfect a new appeal of right. On December 9, 1993, the court denied Respondent's motion to amend judgment. Petitioner subsequently filed a timely claim of appeal regarding the portion of his habeas corpus petition which had been denied by the United States District Court. On November 18, 1994, the Sixth Circuit denied Petitioner's appeal. On January 19, 1995, Petitioner's request for rehearing was denied.

On September 1, 1995, Petitioner filed an appeal in the Michigan Court of Appeals pursuant to the ruling in his habeas corpus action. The Michigan Court of Appeals denied Petitioner's appeal and affirmed his conviction and sentence on March 29, 1996. Petitioner's motion for rehearing was denied on July 31, 1996, and his appeal to the Michigan Supreme Court was denied on May 30, 1997.

On December 25, 1997, Petitioner sought permission to file a second and/or successive petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was denied on June 19, 1998. On June 5, 2002, Petitioner filed a motion for relief from judgment in the Kalamazoo County Circuit Court. The trial court denied Petitioner's motion on August 18, 2003. On July 24, 2004, Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, which was denied on October 8, 2004. Petitioner filed a motion for reconsideration, which was

denied on November 16, 2004.  On January 4, 2005, Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied on May 31, 2005.

On May 17, 2006, Petitioner filed a motion to file a second and/or successive petition for habeas corpus relief in the Sixth Circuit Court of Appeals.  On December 14, 2006, the Sixth Circuit held that because the claims were dealing with sentencing issues, he did not need permission to file a habeas corpus petition.  Currently before the court is Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, which was filed on December 28, 2007, in the Eastern District of Michigan and was transferred to the Western District on January 16, 2008.

Promptly after the filing of a petition for habeas corpus, the court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970) (district court has the duty to "screen out" petitions that lack merit on their face).  The one-year statute of limitations set out in § 2244(d) applies to a petition filed under § 2241.  *Allen v. White*, 185 F. Appx. 487, 490 (6th Cir. Jun. 22, 2006).  After undertaking the review required by Rule 4, the undersigned recommends that Petitioner's application for habeas corpus relief be dismissed with prejudice.

In the opinion of the undersigned, Petitioner's application is barred by the one-year period of limitation provided in 28 U.S.C. § 2244(d)(1), which was enacted on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act , PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA).  Section 2244(d)(1) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the period of limitation is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

In this case, § 2244(d)(1)(A) provides the period of limitation. The other subsections do not apply to the grounds that Petitioner has raised. Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." According to Petitioner's application, his direct appeal was concluded on May 30, 1997, when it was denied by the Michigan Supreme Court. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner

- 4 -

could have sought review in the United States Supreme Court had expired. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on August 30, 1997.

By the letter of the statute, Petitioner had one year from August 30, 1997, to file his habeas application. As noted above, on December 25, 1997, Petitioner sought permission to file a second and/or successive petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was denied on June 19, 1998. However, the statute of limitations is not tolled for the period during which a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Therefore, the statute of limitations expired on August 30, 1998. Petitioner took no further action until June 5, 2002, when he filed a motion for relief from judgment in the Kalamazoo County Circuit Court. At this point, the statute of limitations had already expired.

While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. Because Petitioner's one-year period expired on August 30, 1998, his motion for relief from judgment filed on June 5, 2002, does not serve to revive the limitations period. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Thomas v. Johnson*, No. 99-3628, 2000 WL 553948, at \*2 (6th Cir. Apr. 28, 2000); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Rashid v. Khulmann*, 991 F. Supp 254, 259 (S.D. N.Y. 1998); *Whitehead v. Ramirez-Palmer*, No. C 98-3433 VRW PR, 1999 WL 51793, at \*1 (N.D. Cal. Feb. 2, 1999).

In summary, the undersigned concludes that Petitioner's claims are barred by the applicable statute of limitations and therefore recommends that this Court dismiss the petition with

prejudice.  It is further recommended that petitioner's Motion for Expansion of Record and/or Motion for Discovery and/or Motion for Evidentiary Hearing (Docket #6) be denied.

The Court of Appeals has suggested that a habeas petitioner is entitled to notice and an adequate opportunity to be heard before dismissal of his petition on statute of limitations grounds. *See Scott v. Collins*, 286 F.3d 923, 930 (6th Cir. 2002).  This report and recommendation shall serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred.  Furthermore, Petitioner's ability to file objections to this report and recommendation constitutes his opportunity to be heard by the District Judge.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by Petitioner in this application for habeas corpus relief.  Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service.  It would be highly unlikely for this court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, if the court has already determined that the action is so lacking in merit that service is not warranted.  *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant

service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

The undersigned recommends that the court deny Petitioner's application on procedural grounds that it is barred by the statute of limitations. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The undersigned concludes that reasonable jurists could not debate that each of Petitioner's claims are properly dismissed on the procedural grounds that it is barred by the statute of limitations. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:  February 20, 2008