UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DELBERT JAMES GUNNETT,

        Petitioner,

                                          Case No.  2:08-CV-14

v.

                                        HON. ROBERT HOLMES BELL

JEFF WOOD,

        Respondent.

                                   /

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

       This matter is before the Court on a Petitioner Delbert James Gunnett's objections to the Magistrate Judge's February 20, 2008, Report and Recommendation ("R&R") recommending that Petitioner's § 2241 petition for writ of habeas corpus be dismissed with prejudice pursuant to Rule 4 of the Rules Governing § 2254 Cases, because it plainly appears that Petitioner's claims are barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1)(A).  (Dkt. No. 11, R&R 4-5.)  The R&R was duly served on the parties.  Petitioner filed objections to the R&R on March 5, 2008.  (Dkt. No. 12, Obj. to R&R.)

       This Court is required to make a de novo determination of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Petitioner filed this § 2241 petition in order to challenge the parole board's execution of his "parolable life sentence." Petitioner objects to the R&R's determination that the petition is time-barred because the only authority cited in the R&R in support of the proposition that § 2241 petitions are subject to the § 2244(d)(1) one-year statute of limitations is an unpublished opinion, *Allen v. White*, 185 F. App'x 487 (6th Cir. 2006). Petitioner contends that *Allen* is non-authoritative and that it was incorrectly decided. According to Petitioner, because § 2244 does not mention § 2241, proper statutory construction requires the court to conclude that § 2244 applies exclusively to claims brought pursuant to § 2254 and § 2255 and not to claims brought pursuant to § 2241.

Section 2244(d)(1) provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). By its terms § 2244(d)(1) does not limit its application to petitions brought by state prisoners pursuant to § 2254. The Sixth Circuit has applied the § 2244(d)(1) limitations period to § 2241 claims in several unpublished opinions. *See, e.g.*, *Allen*, 185 F. App'x at 490 (noting that even if the petitioner's § 2254 petition had been converted to a § 2241 petition, it would be untimely under § 2244(d)); *Brock v. Howes*, 96 F. App'x 968, 969 (6th Cir. 2004) (holding that the § 2244(d)(1) statute of limitations applied to the state prisoner's § 2241 petition). There is no published Sixth Circuit opinion addressing the issue. *See Ali v. Tenn. Bd. of Pardon and Paroles*, 431 F.3d 896, 897-98 (6th Cir. 2005) (declining to address the issue of whether § 2244(d)(1) applies to federal

2

collateral review of parole determinations under § 2241). However, at least two other circuits have concluded that the § 2244(d)(1) one-year statute of limitations applies to habeas petitions filed by state prisoners under § 2241. *See, e.g.*, *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003) ("[A]pplications for writs of habeas corpus challenging the execution of a state sentence under § 2241 are subject to a one-year period of limitations."); *Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000) ("Section 2244(d)(1) applies to every 'application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.' It does not distinguish between applications under § 2241 and those under § 2254.").

Other circuits have taken a different approach. Rather than addressing whether § 2244(d)(1) applies to § 2241 actions, they characterize all § 2241 claims by state prisoners challenging the revocation of their parole as § 2254 claims, to which the limitations period of § 2244(d)(1) indisputably applies. *See*, *e.g.*, *Peoples v. Chatman*, 393 F.3d 1352, 1353 (11th Cir. 2004) (holding that for state prisoners there is but one habeas corpus remedy that is authorized by § 2241 but is subject to § 2254 and all of its attendant restrictions); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 275-76 (2d Cir. 2003) ("We agree with the district court that a state prisoner challenging his or her parole revocation must file under section 2254 and that the time bar imposed by section 2244(d)(1) applies to such an application.").

Upon review, this Court agrees with the Magistrate Judge that Petitioner's habeas

3

claim is subject to the one-year limitations period in § 2244(d)(1). Petitioner does not challenge the Magistrate Judge's conclusion that his petition was not filed within one year from the date on which the pertinent state judgment became final. Because this petition is time-barred, the Court will not address Petitioner's motion for expansion of the record or the merits of Petitioner's claims. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Magistrate Judge's Report and Recommendation (Dkt. No. 12) are **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for expansion of the record, for discovery, and for evidentiary hearing (Dkt. No. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that the February 20, 2008, Report and Recommendation (Dkt. No. 11) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated: August 12, 2008                     /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           UNITED STATES DISTRICT JUDGE